UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH McDONALD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CDCR,<br><br>　　　　Respondent. | No. 2:19-cv-2163 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2018 cell search. He further claims that as a result of the search he was transferred to a segregated housing unit and some of his property was missing and some items were damaged. Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 6) and his petition for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and recommend that the petition be dismissed.

**IN FORMA PAUPERIS**

Petitioner has filed a motion requesting to proceed in forma pauperis. (ECF No. 6.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

1

**SCREENING**

I. **Legal Standards – Screening**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

II. **The Petition**

Petitioner states that on July 11, 2018, officers at Deuel Vocational Institution (DVI) searched his cell and found contraband. (ECF No. 1 at 4.) As a result, petitioner was sent to the Administrative Segregation Unit (ASU). The same officers that searched petitioner's cell also

packed up the property in petitioner's cell. When petitioner was released from ASU and received his property, he discovered that two of his photographs were crumbled up and torn in half and two letters from his sister were missing. Petitioner claims that "DVI takes no responsibility for the destruction and violation of [his] personal property and attempted to throw the incident under the rug." (Id.)

### III. Petitioner's Allegations are not Cognizable in Federal Habeas Actions

#### A. Habeas Claims Must Impact Fact or Duration of Confinement

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

"[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 54 U.S. 74, 82 (2005)). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Preiser, 411 U.S. at 489.

Here, petitioner's claim bears no relationship to his underlying sentence. Rather, his claim is related to the conditions of his confinement and any relief would take the form of return or replacement of missing items or money damages for the harm suffered. Accordingly, petitioner's claim would not have any impact on the length of his incarceration and is therefore outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir.

2011) (Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.). Thus, because petitioner's claim will not have any impact on the duration of his sentence it falls outside the scope of habeas jurisdiction.

### B. Claim is not Eligible for Conversion to Section 1983 Action

In an appropriate case, a district court can convert a habeas petition into a civil rights complaint. Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc). However, the court declines to consider conversion of this action because there are several significant differences in a proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, and because, as set forth below, petitioner likely cannot obtain relief under § 1983, the court declines to convert this action to a civil rights case.

### C. Property Rights

Petitioner has not identified any specific constitutional right that was infringed by the challenged conduct. However, the court construes petitioner's claim as one based on a deprivation of his property rights in violation of the Due Process Clause.

An unauthorized deprivation of a property interest, whether negligent or intentional, does not violate the Due Process Clause when an adequate post-deprivation remedies are available to compensate an inmate. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, even if

4

the court were to convert this action to a § 1983 case petitioner could not obtain relief under § 1983 based on his allegation that officers lost and/or damaged his property. Accordingly, the court will recommend that the petition be dismissed without leave to amend.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.

IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/mcdo2163.scrn

5